FILED - USDC - FLMD - JAX
OCT 1 2026 PM3:16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26-cr- 229-HES-SJH
18 U.S.C. § 641
GAIL STARKS (Theft of Government Money or Property)
18 U.S.C. § 1001(a)(2)
(False Statement to a Federal Agency)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Theft of Government Money or Property)**

Beginning in or about June 1991, and continuing through in or about August 2026, in the Middle District of Florida, and elsewhere, the defendant,

GAIL STARKS,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Department of Veterans Affairs ("VA"), a department and agency of the United States, that is, Dependency and Indemnity Compensation ("DIC") benefits for spousal support, with intent to deprive the United States and the VA of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

**COUNT TWO**
**(False Statement to a Federal Agency)**

On or about August 11, 2026, in the Middle District of Florida, the defendant,

GAIL STARKS,

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States; that is, by stating to an employee of the VA as part of an inquiry into her eligibility to receive DIC benefit payments that she was not married, when in truth and fact, as the defendant then and there well knew, she was married.

In violation of 18 U.S.C. § 1001(a)(2).

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $397,120, which represents the proceeds the defendant obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]
Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________
JACKSON M. STORY
Assistant United States Attorney

By: ______________________
MICHAEL COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
9/28/26 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

GAIL STARKS

INDICTMENT

Violations: Ct. 1, 18 U.S.C. § 641
Ct. 2, 18 U.S.C. § 1001(a)(2)

A true bill

[redacted]

Foreperson

Filed in open court this 1st day Of October, 2026.

Clerk

Bail $__________